■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CODY J. WOODARD, Appellant. [31 NYS3d 661]—

Clark, J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered October 31, 2013, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to burglary in the third degree and was sentenced to a five-year term of probation in March 2013. In August 2013, he pleaded guilty to violating various conditions of his probation. Resentencing was adjourned until October 2013 and defendant was released under the supervision of the Probation Department. Prior to the adjourned resentencing date, defendant was arrested and charged with assault in the third degree and endangering the welfare of a child. County Court thereafter revoked defendant's probation and resentenced him on the burglary conviction to a prison term of 2 to 6 years. Defendant now appeals.

We affirm. Initially, the People concede and we agree that defendant did not validly waive his right to appeal with respect to his resentence. Defendant's challenge to the voluntariness of his guilty plea to the probation violations is, however, unpreserved for our review as the record fails to disclose that he made an appropriate postallocution motion (*see People v Mc-Gregor*, 119 AD3d 1235, 1236 [2014], *lv denied* 25 NY3d 991 [2015]; *People v Secore*, 102 AD3d 1057, 1058 [2013], *lv denied* 21 NY3d 1019 [2013]; *People v Banks*, 305 AD2d 812, 812 [2003], *lv denied* 100 NY2d 578 [2003]). Moreover, the exception to the preservation rule is not applicable here, as defendant made no statements during the plea colloquy that were inconsistent with his guilt or cast doubt upon the voluntari-

ness of his plea (*see People v Skidds*, 123 AD3d 1342, 1342-1343 [2014], *lv denied* 25 NY3d 992 [2015]; *People v Lewis*, 69 AD3d 1232, 1234 [2010]). Finally, we reject defendant's contention that the resentence is harsh and excessive. Given defendant's history of being unable to comply with the conditions of his probation, both in connection with this burglary conviction and when he was previously on probation, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Coupe*, 124 AD3d 1141, 1143 [2015]; *People v Pixley*, 117 AD3d 1102, 1103 [2014], *lv denied* 24 NY3d 1087 [2014]).

Lahtinen, J.P., McCarthy, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.